**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MICHAEL GRECCO PRODUCTIONS, INC.    )
           )    Civil No.  17-cv-1843
       Plaintiff,    )
           )
      v.    )    **COMPLAINT**
           )    **& JURY DEMAND**
WENN LIMITED, LLOYD RAYMOND BEINY,  )
CELEBITCHY LLC and SHEKNOWS LLC,    )
           )
       Defendants.    )

---

Michael Grecco Productions, Inc. ("Plaintiff"), by its attorneys Meloni & McCaffrey, a Professional Corporation, as and for its Complaint, alleges as follows:

## INTRODUCTION

Michael Grecco ("Grecco") is a commercial photographer and film director noted for his iconic celebrity portraits, innovative magazine covers, editorial images and advertising spreads for high profile companies like Fox, NBC/Universal, GE, Pfizer, HBO, Kodak, IBM, Yahoo!, ESPN, Wired, Time, Entertainment Weekly, Esquire, Premier and MAXIM.  His work is regularly featured in prestigious venues, including the Louis Stern, G. Ray Hawkins, Stephen Cohen and Fahey Klein galleries. Grecco's intellectual property is owned by Plaintiff. Unfortunately, modern technology has made the theft of Plaintiff's intellectual property easier than ever.

Grecco, operating through his company, Plaintiff Michael Grecco Productions, Inc.[1], meticulously protects the rights to this intellectual property against infringement both within the

---

[1] Plaintiff, Michael Grecco Productions, Inc. formerly known as Michael Grecco Photography, Inc. is a California Corporation formed on January 24, 2012.

United States and throughout the rest of the world.  Plaintiff's vigilance uncovered infringements of its intellectual property rights on SheKnows.com, and Celebitchy.com, the latter of which is a notorious, gossip-related website, which was caused, aided and abetted, by the international entertainment news content provider known as the World Entertainment News Network ("WENN").

SheKnows LLC operates www.sheknows.com, a woman's lifestyle online magazine with over 79 Million visitors per year.

WENN, which purportedly manages, exploits and protects the intellectual property rights of its photographer clients, nonetheless has no problem infringing the rights of those photographers it does not control, by stealing their work and exploiting it by passing it off as its own to its clients and the general public.  That stops now.

## PARTIES

1.      Plaintiff is a photography studio and business owned and operated by Grecco. Plaintiff is incorporated in California and has a principal place of business located at 1701 Pier Avenue, Santa Monica, California.

2.      Plaintiff is informed and believes and thereon alleges that DEFENDANT WENN LIMITED, formally known as World Entertainment News Network ("WENN") is a private limited company registered in the United Kingdom (Registered No. 04375163). The registered address for WENN UK is 4a Tileyard Studios, Tileyard Road, London, England, N7 9AH.

3.      Plaintiff is informed and believes and thereon alleges that in 2011 WENN qualified to do business in the state of California with registered offices located at 7551 Melrose Avenue, Suite 10, Los Angeles, California.

4.      Plaintiff is informed and believes and thereon alleges that WENN also maintains a place of business at 352 7th Avenue, Suite 1105, New York, New York.

5.      Plaintiff is informed and believes and thereon alleges that DEFENDANT LLOYD RAYMOND BEINY ("Beiny") is the CEO and a Director of WENN, an Officer of WENN, and the Chairman of WENN Media Group, the umbrella company of WENN's global business operations.

6.      Plaintiff is informed and believes and thereon alleges that WENN has designated Defendant Beiny as its registered agent for purposes of service of process with a registered agent address at WENN's Los Angeles Office at 7551 Melrose Avenue, Suite 10, Los Angeles, California 90046-7304.

7.      Plaintiff is informed and believes and thereon alleges that DEFENDANT CELEBITCHY LLC ("Celebitchy") is a limited liability company organized under the laws of the State of Delaware.  On information and belief as informed by the United States Patent and Trademark Office public database, and specifically the database record for U.S. Service Mark Registration No. 4,288,955 for the mark CELEBITCHY owned by Celebitchy LLC, Defendant Celebitchy has an address at 600 One Commerce Center, 1201 Orange Street, Suite 600, Wilmington, DE 19801.

8.      Plaintiff is informed and believes and thereon alleges that DEFENDANT SHEKNOWS LLC ("SheKnows") is an Arizona limited liability company headquartered in Scottsdale, Arizona, and with offices located at 440 Ninth Avenue, 11th Floor, New York, New York. SheKnows is a women's lifestyle digital media company which owns and operates a website www.SheKnows.com which has over 79 million unique visitors per month.

## JURISDICTION AND VENUE

9.     This is an action for copyright infringement arising under the Copyright Act of 1976, as amended, Title 17, United States Code, §§ 101 et seq. ("the Copyright Act"), falsification of copyright management information arising under the provisions of the Digital Millennium Copyright Act, Title 17, United States Code, §§1202-1203 ("DMCA").

10.     Subject-matter jurisdiction over Plaintiff's copyright and DMCA claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

11.     Defendant WENN is subject to personal jurisdiction in this District because Plaintiff's claims in this action arose from WENN's contacts with the State of New York and this judicial district, as alleged in more detail below.

12.     WENN is further subject to personal jurisdiction based on its acts of placing its products into the stream of commerce with the expectation that such products will be delivered to and viewed by consumers within the State of New York and within this District.  WENN's website (www.wenn.com) states: "In 2000 . . . WENN embarked on a global expansion program designed to secure its position as the world's leading international celebrity news and photo organization.  New offices were opened . . . in New York where Jill Stempel was appointed Bureau Chief.  With the second wave of internet expansion (web 2.0), WENN's content found itself being sought out by a growing number of new web-based businesses and due to customer demand, WENN started producing highly customized content packages." https://corp.wenn.com/.

13.     WENN's website also advertises one of its four international offices as being located within this Court's jurisdiction at 352 Seventh Avenue, Suite 1105, New York, New York 10001-5657 USA.  https://corp.wenn.com/.

14.     WENN's on-line posted Terms and Conditions of Submission and Reproduction of Images, found at https://www.wenn.com/tandc, is governed by the laws of state of New York and designates New York as having exclusive jurisdiction over any matters that arise therefrom. This demonstrates that WENN regularly invokes the protection, laws and jurisdiction of Courts within the State of New York, which are within the jurisdiction and venue of this Court. Plaintiff is informed and believes and thereon alleges that Defendant Beiny personally makes decisions regarding, participates in, directs, exercises control over, and benefits from WENN's infringing activities.

15.     The exercise of jurisdiction is further supported by WENN's acts of contributory copyright infringement, and falsification of copyright management information as further described herein – including acts of direct copyright infringement by others that were induced by WENN and/or to which WENN contributed.  When viewed from the Celebitchy and SheKnows websites by consumers in this District, these infringements have caused injury to Plaintiff within the State of New York and this District.

16.     Plaintiff is informed and believes and thereon alleges that Defendant Beiny is subject to personal jurisdiction in this District because he does business and/or regularly transacts business within the State of New York during times relevant to Plaintiff's claims asserted in this action.

17.     Plaintiff is informed and believes and thereon alleges that Defendant Celebitchy is subject to personal jurisdiction in this District because it does business and/or regularly transacts business within the State of New York during times relevant to Plaintiff's claims asserted in this action.

18.     Plaintiff is informed and believes and thereon alleges that Defendant SheKnows is subject to personal jurisdiction in this District because it does business and/or regularly transacts business within the State of New York during times relevant to Plaintiff's claims asserted in this action.

19.     Defendant SheKnows is further subject to personal jurisdiction based on its acts of placing its products into the stream of commerce with the expectation that such products will be delivered to and viewed by consumers within the State of New York and within this District.

20.     Defendant SheKnows' website also advertises one of its offices as being located within this Court's jurisdiction at 440 Ninth Avenue, 11th Floor, New York, New York.

21.     Venue is proper in this District under 28 USC §1391, where the Defendants are subject to personal jurisdiction and are doing business, and where the acts complained of occurred or originated in such District. Venue is also proper in this judicial district pursuant to 28 U.S.C. §1400(a).

## SUMMARY OF FACTS

### A.     The Grecco Works That Have Been Infringed.

22.     Grecco is the original author and creator of each of the following photographic images which are now owned and controlled by Plaintiff:

a.     X-files Image 1:



6

b.      X-files Image 2:



c.      X-files Image 3:



d.      X-files Image 4:



e.    X-files Image 5:



f.    X-files Image 6:



23.    Each of Images 1-6 shown above (collectively "the Images") is an original work of authorship fixed in a tangible medium of expression from which it can be perceived, reproduced, displayed or otherwise communicated, either directly or with the aid of a machine or device.

24.    Each of Images 1-6 is a separate and independent work of authorship in the form of a photographic image that comprises copyrightable subject matter protectable under the Copyright Act.

25.    The copyrights in each of Images 1-6 shown above (collectively "the Registered Images") have been registered with the United States Copyright Office in compliance with all Copyright Office requirements under two copyright registrations.

26.    United States Copyright Registration Nos. VA 1-418-417 for a group of photographs created in October 1993 entitled "Grecco Photography-X Files/Fox 4" was issued on December 6, 2006, including Image 1 (hereinafter the "2006 Registration"). A true and correct copy of the 2006 Registration is attached hereto as Exhibit 1 and fully incorporated herein by reference.

27.    United States Copyright Registration Nos. VA 1-431-698 for a group of photographs created in 2009 entitled "Grecco Photo-Getty Published 2009" was issued on July 7, 2010, including Image 2, Image 3, Image 4, Image 5, and Image 6 (hereinafter the "2009 Registration"). A true and correct copy of the 2009 Registration is attached hereto as Exhibit 2 and fully incorporated herein by reference.

**B.    The Celebitchy Infringements.**

28.    Celebitchy owns and operates the www.Celebitchy.com website, whose content primarily is directed to celebrity gossip.

29.    Celebitchy is a commercial endeavor, as its website features third party advertisements by prominent third parties such as Netflix, Quicken Loans and Shortel.

30.    Celebitchy's awareness of the importance of the protection of copyrights concerning the operation of its website, is demonstrated by the footer boldly representing its copyright notice: Copyright © 2006 – 2016, Celebitchy, LLC.  Indeed, Celebitchy warrants that "[w]e believe in crediting information and licensing picture sources."  Indeed, it also lists WENN as one of five sites it visits for news and photos.  http://www.celebitchy.com/contact/.

31.     During the summer 2016, Grecco discovered that his photographs of Gillian Anderson and David Duchovny of the TV show "The X Files" (Image 2, Image 4, Image 5 and Image 6) were being reproduced, publically displayed, transmitted and used on the Celebitchy website, as part of a story entitled "David Duchovny on The X-Files: 'It wasn't really a Cult Show, It Was A Big Hit.".  The story with Images was published on March 20, 2015.

32.     Celebitchy published the Registered Images on its website, including at the following URLs:

http://www.celebitchy.com/category/x-files/

http://www.celebitchy.com/category/David_Duchovny/

http://www.celebitchy.com/category/Gillian_Anderson/page/2/

http://www.celebitchy.com/419502/david_duchovny_on_the_xfiles_it_wasnt_really_a_cult_show_it_was_a_big_hit/

http://www.celebitchy.com/419502/david_duchovny_on_the_xfiles_it_wasnt_really_a_cult_show_it_was_a_big_hit/gillian_anderson_filmography-4/

http://www.celebitchy.com/419502/david_duchovny_on_the_xfiles_it_wasnt_really_a_cult_show_it_was_a_big_hit/gillian_anderson_filmography-2/

33.     Without the permission, knowledge or authorization of Plaintiff, WENN licensed Grecco's Anderson/Duchovny photographs (Image 2, Image 4, Image 5, and Image 6) to Celebitchy. Celebitchy accorded and published "photo credit" for the Images to "WENN.com" (Images 2, 4, 5 and 6).

34.     Plaintiff did not authorize or issue a license to Celebitchy or WENN for the use of the Images (Images 2, 4, 5 and 6).

35.     Celebitchy and the above-referenced infringing uses do not qualify for "safe-harbor" protection under 17 U.S.C. § 512.

**C.**     **The SheKnows Infringements**.

36.     Plaintiff also discovered that SheKnows LLC ("SheKnows"), an Arizona limited liability company headquartered in Scottsdale, Arizona, with offices located at 440 Ninth Avenue, 11th Floor, New York, New York, posted another photographic image created by Grecco and owned by Plaintiff (Image 3).

37.     SheKnows is a women's lifestyle digital media company which owns and operates the website www.SheKnows.com which has over 79 million unique visitors per month.

38.     SheKnows published an article on December 2, 2014 entitled "12 X-Files Episodes so scary, they gave us new phobias" found at www.SheKnows.com/entertainment/articles/1059061/x-files-episodes which included and published another of Grecco's Anderson/Duchovny photographs (Image 3).

39.     WENN licensed to SheKnows one of Grecco's Anderson/Duchovny photographs (Image 3), which SheKnows published on its website, according and publishing a "photo credit" for Image 3 to "WENN.com."

40.     Plaintiff did not authorize or issue a license to SheKnows or WENN for the use of the Anderson/Duchovny photograph (Image 3).

41.     SheKnows and the above-referenced infringing use do not qualify for "safe-harbor" protection under 17 U.S.C. § 512.

**D.**     **Plaintiff's Efforts to Informally Resolve Unauthorized Uses.**

42.     In an effort to resolve the matter amicably, on or about October 14, 2016, Grecco contacted WENN's offices by email, advised it of WENN's Celebitchy infringements, and demanded that WENN engage in settlement negotiations.

43.     On or about October 18, 2016, Defendant Beiny, WENN's Chief Executive Officer and the Chairman of WENN Media Group, responded to Grecco's email, confirming, among other things, that the images referred to in Grecco's email "were provided to Celebitchy by WENN." Defendant Beiny requested that he and Grecco meet to discuss the matter further in Los Angeles, California.

44.     Grecco and Defendant Beiny continued to exchange emails through November 2016, with Grecco further articulating the breadth of the infringements, demanding that WENN remove the improper credits and watermarks from the photographs at issue, and that WENN cease representing to third parties as having the right to license the photographs.

45.     Defendant Beiny offered to resolve the matter through some form of working relationship moving forward. Unable to resolve the matter, however, the settlement negotiations terminated at the end of November, 2016.

46.     Plaintiff is informed and believes and thereon alleges that Defendant Beiny has personally made decisions regarding, participated in, directed, exercised control over, and benefited from WENN's infringing activities.

47.     Plaintiff is informed and believes and thereon alleges that Defendant Beiny has played a personal and key decision-making role in the actions of WENN that constitute direct and secondary copyright infringement. Among other things, Defendant Beiny directed, controlled and personally participated in the strategy decisions, including the marketing strategy, for WENN, and Beiny is personally aware of the infringing activity, has contributed to it, and chose not to stop it even after he was notified of that activity by Grecco.

## COUNT I – DIRECT COPYRIGHT INFRINGEMENT
### (Celebitchy)

48.     Plaintiff incorporates herein by reference in their entirety the allegations set forth in the paragraphs 1 through 47 of this Complaint as if fully restated herein.

49.     Celebitchy trades in celebrity gossip conveyed by edgy articles and dynamic photographs, with their concomitant intellectual property rights.

50.     Celebitchy operates in an industry that trades in intellectual property, including with respect to entertainment content, such as its celebrity news, photographs and video content relied on by newspapers, magazines, radio and television stations, websites, blogs, telecoms and national and international news agencies.

51.     Celebitchy is experienced in handling copyright ownership in connection with their respective entertainment content, including in their dealings with writers, photographers and videographers who supply that content.

52.     Celebitchy posted the Registered Images referenced above on its website without license of authorization from plaintiff.  Indeed, it wrongfully credited WENN with ownership of that photo.

53.     WENN did not have authorization to publish or license others to publish the Registered Images including, without limitation, Celebitchy.

54.     WENN admitted that it licensed the Registered Images to Celebitchy without any authorization or permission from Plaintiff, and published or caused to be published those Images to numerous other entities, including Celebitchy, misrepresenting that the copyright of the Registered Images were owned by WENN.

55.     The infringement of each of Plaintiff's Registered Images constitutes a separate and distinct act of infringement.

13

56.     Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and indifference to Plaintiff's rights.

57.     As a direct and proximate result of Defendants' infringements of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

58.     Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to its actual damages, including Defendants' profits from each infringement, as will be proven at trial and indifference to Plaintiff's rights.

59.     Finally, as a consequence of the infringement complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement, for which Plaintiff has no adequate remedy at law.

## COUNT I – DIRECT COPYRIGHT INFRINGEMENT
### (SheKnows)

60.     Plaintiff incorporates herein by reference in their entirety the allegations set forth in the paragraphs 1 through 59 of this Complaint as if fully restated herein.

61.     Plaintiff is informed and believes and thereon alleges that SheKnows trades in articles and dynamic photographs, and professes to have a commitment to protecting intellectual property rights.

62.     Plaintiff is informed and believes and thereon alleges that SheKnows operates in an industry that trades in intellectual property, including with respect to SheKnows' entertainment content, such as its news, photographs and video content relied on by newspapers,

magazines, radio and television stations, websites, blogs, telecoms and national and international news agencies.

63. Plaintiff is informed and believes and thereon alleges that SheKnows is experienced in handling copyright ownership in connection with their respective entertainment content, including in their dealings with writers, photographers and videographers who supply that content.

64. SheKnows posted the Registered Images referenced above on its website without license or authorization from Plaintiff. Indeed, it wrongfully credited WENN with ownership of that photo.

65. WENN did not have authorization to publish or license others to publish the Registered Images, including without limitation, SheKnows.

66. The infringement of each of Plaintiff's Registered Images constitutes a separate and distinct act of infringement.

67. SheKnows' acts of infringement are willful, intentional and purposeful, in disregard of and indifference to Plaintiff's rights.

68. As a direct and proximate result of SheKnows' infringements of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

69. Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to its actual damages, including SheKnows' profits from each infringement, as will be proven at trial.

70.     Finally, as a consequence of the infringement complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless SheKnows is enjoined by this Court from committing further acts of infringement, for which Plaintiff has no adequate remedy at law.

## COUNT III – CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (WENN and Beiny)

71.     Plaintiff incorporates herein by reference in their entirety the allegations set forth in the paragraphs 1 through 70 of this Complaint as if fully restated herein.

72.     The Registered Images owned by Plaintiff have been and continue to be illegally reproduced, published and displayed without authorization on the Celebitchy and SheKnows web sites (the "Infringing Sites") in violation of 17 U.S.C. § 101 *et seq.*

73.     Plaintiff owns the copyrights, or the exclusive rights under 17 U.S.C. § 106, in the Registered Images which have been infringed through the Infringing Sites.

74.     WENN and Beiny are secondarily liable under the Copyright Act for such infringing acts, including for the direct infringement by Celebitchy and SheKnows of Plaintiff's exclusive rights.

75.     WENN and Beiny induced, caused, participated in, aided and abetted and/or materially contributed to the infringing conduct by Celebitchy and SheKnows.

76.     WENN and Beiny are liable as contributory copyright infringers. WENN and Beiny have actual and constructive knowledge of the infringing activity that occurred and is occurring on and through the Infringing Sites, and induced, caused, participated in, aided and abetted and/or materially contributed to such infringing conduct by Celebitchy and SheKnows.

77.     The foregoing acts of infringement by WENN and Beiny have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

78.     As a direct and proximate result of such infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each Registered Image infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

79.     Alternatively, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to its actual damages, including Defendants' profits from infringement, as will be proven at trial.

80.     Plaintiff is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

81.     Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated for or measured in money. Plaintiff has no adequate remedy at law.

## COUNT IV – FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION
### (WENN)

82.     Plaintiff incorporates herein by reference in their entirety the allegations set forth in the paragraphs 1 through 81 of this Complaint as if fully restated herein.

83.     Given that a significant portion of WENN's business revolves around photographs and other copyrightable material, WENN is well versed in the importance of copyrights in photographs and in the meaning and importance of a request about who should be given credit.

17

84.     At the time WENN licensed the Registered Images to Celebitchy and SheKnows, WENN knew or should have known that credit for the copyrighted images should be attributed to Plaintiff.

85.     Instead, WENN instructed Celebitchy and SheKnows that credit for the copyrighted images should be attributed to "WENN.com."

86.     Upon information and belief, Celebitchy and SheKnows each followed WENN's instruction with respect to assignment of credit to the Registered Images.

87.     The credit given for the Registered Images to WENN.com is "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c).

88.     The credit given for the Registered Images as "WENN.com" is false.

89.     When WENN distributed the Registered Images to Celebitchy and SheKnows, it knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. § 1202(a).

90.     The false copyright management information provided, distributed and/or imported for distribution by WENN was accessible from computers within the United States and this district, and viewed by and provided to viewers of the copyrighted Registered Images, including on or from the Infringing Sites, within the United States, New York and this District in connection with copyrighted Registered Images.

91.     WENN's acts of providing, distributing and/or importing for distribution false copyright management information has been felt within this district and caused damage to Plaintiff within this district, and Plaintiff is entitled to recover from WENN its actual damages and WENN's profits or statutory damages, plus attorneys' fees and costs, as provided by 17 U.S.C. § 1203(b).

92.    Plaintiff is entitled to recover an award of statutory damages for each of WENN's violations of 17 U.S.C. § 1202(a) in a sum of not less than $2,500 or more than $25,000 per violation pursuant to 17 U.S.C. § 1203(c)(3)(B), plus attorneys' fees and costs, as provided by 17 U.S.C. § 1203(b).

**WHEREFORE**, Plaintiff demands judgment against each of the Defendants as follows:

a.    For Counts I and II, finding Defendants Celebitchy and SheKnows liable for direct infringement of Plaintiff's exclusive copyright in the Registered Image, awarding damages to which Plaintiff may be entitled, including Defendants' profits, in such amounts as may be found;

b.    For Count III, finding Defendants WENN and Beiny liable for contributory infringement of Plaintiff's exclusive copyright in the Registered Images, awarding damages to which Plaintiff may be entitled, including Defendants' profits, in such amounts as may be found, or, in the alternative and at Plaintiff's election, for statutory damages in the maximum amount allowed by law;

c.    For Count IV, finding Defendant WENN liable for removal or alteration of Copyright Management Information from the Registered Images and for the provision and distribution of false Copyright Management Information for the Registered Images;

d.    Awarding Plaintiff the costs of this action, including reasonable attorney's fees and expert witness fees; and

i.    Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues which are so triable.

Dated: March 13, 2017

MELONI & McCAFFREY
A Professional Corporation

By: s/ Robert S. Meloni
     Robert S. Meloni
     Thomas P. McCaffrey
     Justin Ratliff
3 Columbus Circle – 15th Floor
New York, New York 10019
Tel: (212) 520-6090

*Attorneys for Plaintiff*