## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC. | ) | |
| | ) | Civil No.  17-cv-1843-KBF |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ANSWER AND** |
| WENN LIMITED, LLOYD RAYMOND BEINY, | ) | **CROSS-CLAIM AGAINST** |
| CELEBITCHY LLC and SHEKNOWS LLC, | ) | **WENN LIMITED** |
| | ) | |
| Defendants. | ) | |

**NOW COMES** Celebitchy, LLC, by and through its attorneys the Law Offices of Anderson J. Duff, and for its Answer and Cross-Claim Against WENN Limited states the following:

### INTRODUCTION

No answer is necessary.

### PARTIES

1. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

2. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

3. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

4. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

5. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

6.  Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

7.  Admitted.

8.  Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

## JURISDICTION AND VENUE

9.  No answer is necessary.

10. Defendant denies that this Court has subject matter jurisdiction over Plaintiff's copyright claims because Plaintiff's copyright registrations are deficient.

11. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

12. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

13. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

14. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

15. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

16. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

17. Defendant denies that it is subject to personal jurisdiction in this District because Defendant does not regularly transact business within the State of New York.

18. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

19. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

20. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

21. Defendant denies that venue is proper in this District because this District has no connection to the parties or the infringement claims alleged by Plaintiff.

## SUMMARY OF FACTS

**A.** **The Grecco Works That Have Been Infringed.**

22. Defendant denies that Grecco is the original author and creator of the photographic images displayed in Plaintiff's Complaint.

23. Defendant denies that the photographic images displayed in Plaintiff's Complaint are original works of authorship.

24. Defendant denies that the photographic images displayed in Plaintiff's Complaint are separate and independent works of authorship and that the images displayed in Plaintiff's Complaint constitute copyrightable subject matter.

25. Defendant denies that the photographic images displayed in Plaintiff's Complaint have been properly registered with the US Copyright Office.

26. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

27. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

**B.  The Celebitchy Infringements.**

28. Admitted.

29. Admitted.

30. Admitted.

31. Defendant denies that Grecco discovered that his purported photographs were
published on the Celebitchy website in the summer of 2016. Defendant admits
that the article in question was published on March 20, 2015.

32. Defendant denies that the URLs contained within Plaintiff's Complaint directly
reference the images over which Plaintiff claims copyright protection.

33. Defendant admits that WENN licensed certain photographs to Defendant, but
Defendant denies that these photographs were or are owned by Plaintiff.

34. Defendant lacks sufficient information to form a belief as to the truth of the
allegations in this paragraph and denies the same.

35. Defendant denies that the alleged infringing uses do not qualify for safe harbor
protection.

**C.  The SheKnows Infringements.**

36. Defendant lacks sufficient information to form a belief as to the truth of the
allegations in this paragraph and denies the same.

37. Defendant lacks sufficient information to form a belief as to the truth of the
allegations in this paragraph and denies the same.

38. Defendant lacks sufficient information to form a belief as to the truth of the
allegations in this paragraph and denies the same.

39. Defendant lacks sufficient information to form a belief as to the truth of the

allegations in this paragraph and denies the same.

40. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

41. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

**D. Plaintiff's Efforts to Informally Resolve Unauthorized Uses.**

42. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

43. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

44. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

45. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

46. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

47. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

## COUNT I - DIRECT COPYRIGHT INFRINGEMENT
### (Celebitchy)

48. No answer is necessary.

49. Admitted.

50. Admitted.

51. Admitted.

52. Defendant denies that the images in question were published on its website without license of or authorization from Plaintiff and denies that Plaintiff was in a position to provide license or authorization.

53. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

54. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

55. Defendant denies that the alleged infringement of each of Plaintiff's alleged images constitutes a separate and distinct act of infringement.

56. Defendant denies that the alleged acts of infringement are willful, intentional, or purposeful or in disregard of and indifference to Plaintiff's alleged rights.

57. Defendant denies that Plaintiff is entitled to statutory damages.

58. Defendant denies that Plaintiff is entitled to actual damages.

59. Defendant denies that Plaintiff is entitled to injunctive relief.

## COUNT I (sic) - DIRECT COPYRIGHT INFRINGEMENT
### (SheKnows)

60. No answer is necessary.

61. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

62. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

63. Defendant lacks sufficient information to form a belief as to the truth of the

allegations in this paragraph and denies the same.

64. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

65. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

66. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

67. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

68. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

69. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

70. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

## COUNT III - CONTRIBUTORY COPYRIGHT INFRINGEMENT
### (WENN and Beiny)

71. No answer is necessary.

72. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

73. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

74. Defendant lacks sufficient information to form a belief as to the truth of the

allegations in this paragraph and denies the same.

75. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

76. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

77. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

78. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

79. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

80. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

81. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

## COUNT IV – FALSIFICATION OF COPYRIGHT MANAGEMENT INFORMATION
### (WENN)

82. No answer is necessary.

83. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

84. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

85. Defendant lacks sufficient information to form a belief as to the truth of the

allegations in this paragraph and denies the same.

86. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

87. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

88. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

89. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

90. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

91. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

92. Defendant lacks sufficient information to form a belief as to the truth of the allegations in this paragraph and denies the same.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff is not entitled to relief because Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff is not entitled to relief because Plaintiff lacks copyright rights in the alleged copyrighted works because the alleged copyrighted works fail to meet the standard of originality required by the law.

3. Plaintiff is not entitled to relief because Plaintiff's copyright registrations are invalid.

4.  Plaintiff is not entitled to relief because Plaintiff does not own copyright rights in its purported works.

5.  Plaintiff is not entitled to statutory damages because Defendant's alleged infringement, if it is infringement at all, is innocent.

6.  Plaintiff is not entitled to relief because Plaintiff's works are in the public domain.

7.  Plaintiff is not entitled to relief because Plaintiff has provided Defendant with a license through express or implied consent.

8.  Plaintiff is not entitled to relief because Defendant's use of the alleged copyrighted works constitutes fair use.

## **REQUEST FOR RELIEF**

Defendant respectfully requests that the Court:

1.  Dismiss Plaintiff's claims;

2.  Award Defendant its attorneys' fees wrongfully sustained in this action;

3.  Award Defendant the relief requested in its cross-claim in this action;

4.  Award Defendant such further relief as the Court deems appropriate; and

5.  Award Defendant its costs.

6.  Defendant requests a trial by jury.

Dated: June 28, 2017
   New York, New York

THE LAW OFFICES OF
ANDERSON J. DUFF, PLLC

By: _____
  Anderson J. Duff (AD 2029)
244 5th Avenue, Suite 2230
New York, NY 10001
Tel: (212) 996.4103

*Attorneys for Defendant Celebitchy*

## CROSS-PLAINTIFF'S CROSS-CLAIM AGAINST CROSS-DEFENDANT

**NOW COMES** Celebitchy, LLC, by and through its attorneys the Law Offices of Anderson J. Duff, and for its Cross-Claim Against WENN Limited states the following:

## PARTIES

1. Celebitchy, LLC (Celebitchy) is a limited liability company organized under the laws of the State of Delaware with its principal place of business in the State of Virginia.

2. Michael Grecco Productions, Inc. (Grecco) is a corporation organized under the laws of the State of California with its principal place of business in Santa Monica, California.

3. WENN Limited (WENN) is a private limited company registered in the United Kingdom with its principal place of business in London, England.

## JURISDICTION AND VENUE

4. This Court has supplemental jurisdiction over the claims in this Cross-Claim that arise under the common law of the State of New York pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5. This Court has personal jurisdiction over Cross-Defendant WENN because Cross-Defendant resides in the State of New York, has substantial minimum contacts with the State of New York, has delivered products into the stream of commerce within the State of New York, and has entered into a contract with Celebitchy containing a choice of laws clause setting jurisdiction in the State of New York.

11

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Cross-Defendant resides in the State of New York.

## FACTS

7. Since as early as 2006, Celebitchy has operated as an entertainment and celebrity news and gossip website at http://www.celebitchy.com.

8. WENN holds itself out to be an entertainment content provider and rights clearinghouse that purchases the rights to entertainment content, including photos and videos, and then licenses that content to third party publishers.

9. On or before March 20, 2015, Celebitchy entered into an agreement with WENN (Agreement). See **Exhibit A**, WENN Terms and Conditions.

10. Under the terms of this Agreement, WENN granted to Celebitchy a "non-transferable, non-exclusive (unless otherwise agreed in writing) license… to reproduce the Images during the license period, in the territory and for the purposes specified on the invoice." See **Exhibit A**, WENN Terms and Conditions.

11. In the Agreement, "Image" is defined as "any image which has been selected (whether by you or by us on your behalf) for the purposes of licensing reproduction rights." See **Exhibit A**, WENN Terms and Conditions.

12. Also under the terms of this Agreement, Celebitchy was required to provide attribution to WENN for its provision of all licensed images. See **Exhibit A**, WENN Terms and Conditions.

13. Under the Agreement, WENN warranted that Celebitchy's "use of the Images in accordance with this Agreement in the form delivered by us will not infringe any copyright in the Images or any moral rights of the authors of the Images." See

12

**Exhibit A**, WENN Terms and Conditions.

14. On or about March 20, 2015, Celebitchy licensed two images, identified in Plaintiff's Complaint as "X-files Image 2" and "X-files Image 5," from WENN for use on the Celebitchy website (collectively X-Files Images). See **Exhibit B**, WENN Images.

15. Celebitchy displayed these images on its website at the following link: http://www.celebitchy.com/419502/david_duchovny_on_the_x-files_it_wasnt_really_a_cult_show_it_was_a_big_hit/.

16. On October 14, 2016, Celebitchy received correspondence from Grecco that it believed that the X-Files Images infringed upon its exclusive copyright rights.

17. On or before October 17, 2016, Celebitchy notified WENN of Grecco's claim of infringement.

18. WENN responded on the same day that it would investigate the matter and respond to Celebitchy within a short period of time.

19. Between October 17, 2016 and March 12, 2017, WENN took no action to investigate Grecco's claim.

20. On March 13, 2017, Grecco filed this instant copyright infringement lawsuit against WENN, Lloyd Beiny (CEO of WENN), Celebitchy, and SheKnows, LLC.

21. Despite its prior knowledge of Grecco's claim, WENN did not hire counsel or seriously investigate this claim until April 24, 2017.

22. As a result, Celebitchy was forced to hire counsel, enter this lawsuit, and mount a defense.

23. Celebitchy now claims against WENN for breach of contract for its failure to

uphold its promises under the parties' Agreement.

## COUNT I – BREACH OF CONTRACT

24. Celebitchy incorporates all foregoing paragraphs as if fully restated herein.

25. On or before March 20, 2015, Celebitchy entered into an Agreement with WENN. See **Exhibit A**, WENN Terms and Conditions.

26. Under the terms of the Agreement, WENN was to grant to Celebitchy a non-exclusive license to use the X-Files Images on the Celebitchy website.

27. WENN warranted and represented that Celebitchy's "use of the Images in accordance with this Agreement in the form delivered by us will not infringe any copyright in the Images or any moral rights of the authors of the Images." See **Exhibit A**, WENN Terms and Conditions.

28. Despite WENN's representation, WENN did not have adequate rights to license the X-Files Images to Celebitchy under the terms of the Agreement.

29. WENN's failure to obtain adequate rights to license the X-Files Images to Celebitchy is a breach of the Agreement and has resulted in Celebitchy being named in the instant lawsuit.

30. WENN is or may be liable for all or a part of the claims against Celebitchy asserted in this instant lawsuit.

31. WENN was competent to assent to the Agreement.

32. The Agreement was evidenced by adequate legal consideration.

33. The parties mutually agreed to the terms of the Agreement and the obligations contained therein.

34. As a direct, proximate, and foreseeable result of WENN's breach of contract,

14

Celebitchy has been compelled to incur attorneys' fees, court costs, and other expenses in connection with the Complaint filed by Grecco in this matter and may in the future be compelled to incur additional liability, expenses, and fees by reason of settlement or judgment.

35. Celebitchy is entitled to be held harmless, defended, indemnified by WENN for its costs, fees, and expenses incurred in this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Celebitchy requests that this Honorable Court grant the following relief:

A. Find WENN liable for breach of contract;

B. Find WENN responsible for Celebitchy's costs, attorneys' fees, and other expenses incurred in connection with the Complaint filed by Grecco and any costs, attorneys' fees, and expenses incurred by reason of any settlement or judgment; and

C. Award such additional relief, in law and in equity, as the Court deems just.

## JURY DEMAND

Celebitchy requests a trial by jury on all eligible counts pled in this Cross-Claim.

Dated:  June 28, 2017                    THE LAW OFFICES OF
      New York, New York               ANDERSON J. DUFF, PLLC

By: _____
    Anderson J. Duff (AD 2029)
244 5th Avenue, Suite 2230
New York, NY 10001
Tel: (212) 996.4103

*Attorneys for Defendant Celebitchy*

15

## **CERTIFICATE OF SERVICE**

On the date below, a copy of Defendant's Answer and Cross-Claim Against Wenn Limited was served on counsel of record for Plaintiff via email and first class mail to the following:

Law Offices of Kurosh Nasseri PLLC
3207 a M Street NW
Third Floor
Washington DC 20007
mail@kurosh.net
Counsel for WENN

SheKnows Media
Crysty Rosensteel
14614 North Kierland Blvd., Ste. 510
Scottsdale, AZ 85254
Christy.Rosensteel@sheknows.com

DATED:  June 28, 2017                    By: ___/s/ Anderson J. Duff___
                                              Anderson J. Duff